NO. 29455

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROBERT LEE TEW JR., Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 07-1-0035 (Cr. No. 06-1-0664))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Petitioner-Appellant Robert Lee Tew Jr. (Tew) appeals from the Findings of Fact, Conclusions of Law, and Order Denying Petition For Post-Conviction Relief filed on December 24, 2008 in the Circuit Court of the First Circuit (circuit court).[1]

On November 14, 2006, Tew pled guilty to Unlawful Methamphetamine Trafficking, in violation of Hawaii Revised Statutes (HRS) § 712-1240.6(3) (Supp. 2005). The circuit court found Tew guilty and on April 3, 2007, entered the Judgment of Conviction and Sentence. On April 5, 2007, the circuit court filed an Amended Judgment of Conviction and Sentence. The circuit court sentenced Tew to a ten-year term of imprisonment, to run concurrently with any other sentence; a mandatory minimum of six years and eight months as a repeat offender, to run concurrently with any other current mandatory minimum sentence; and a mandatory minimum of two years, pursuant to HRS § 712-1240.6(3), to run concurrently with his mandatory minimum as a repeat offender.

On September 4, 2007, Tew filed a Petition for Post-Conviction Relief (Petition), pursuant to Rule 40 of the Hawaii Rules of Penal Procedure (HRPP). Tew claimed that (1) he received ineffective assistance of counsel because (a) he is

---

[1] The Honorable Richard W. Pollack presided.

illiterate, unable to read or write, and was coerced to accept a plea agreement by his counsel and (b) his counsel failed to inform him of tainted evidence that a confidential informant destroyed and tampered with; (2) his conviction was obtained by use of evidence obtained pursuant to an unconstitutional violation, i.e tainted evidence; and (3) his counsel failed to inform him of a potentially meritorious defense: that the chain of custody had been broken and some quantity of methamphetamine recovered by the police had been removed and there was no evidence that Tew sold methamphetamine.

On appeal, Tew contends the circuit court erred by denying his Petition and challenges Conclusions of Law (COLs) 6 through 12. Tew argues that (1) he presented clear and convincing evidence of credibility, (2) the circuit court overlooked the fact that tampering with evidence is a crime and the confidential informant who removed methamphetamine was not prosecuted, (3) Tew was not put on notice that he was at risk for an extended sentence, (4) the State of Hawaiʻi (State) would not have been able to prove the weight of the methamphetamine recovered was more than one-eighth of an ounce due to tampering by a confidential informant, and (5) Tew received ineffective assistance of counsel because his counsel failed to make a motion to suppress based upon the confidential informant's tampering.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Tew's points of error as follows:

For the following reasons, the circuit court's COLs 6 through 12 are not wrong. Tew does not challenge any of the Findings of Fact (FOFs) made by the circuit court; therefore, the FOFs are taken as true.

(1) Tew's testimony in support of his Petition was found not credible by the circuit court. Tew's claim that his

2

counsel coerced him into accepting a plea agreement when his counsel told him to "just agree" with the judge or "just sign" the form was also found not credible. The circuit court found that Tew's trial counsel was credible when trial counsel stated that he discussed the plea agreement extensively with Tew several times because Tew did not know how to read or write. "[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence." Tachibana v. State, 79 Hawai'i 226, 239, 900 P.2d 1293, 1306 (1995) (internal quotation marks and citation omitted).

The transcript of Tew's change of plea hearing shows that Tew stated he was not being forced or threatened into accepting a plea agreement. The plea agreement, which Tew signed on November 6, 2006, clearly stated that the maximum extended term of imprisonment was 20 years and the mandatory minimum term of imprisonment was six years and eight months. The plea agreement was based upon a letter dated October 27, 2006 from the Department of the Prosecuting Attorney that specifically stated Tew must stipulate to sentencing as a repeat offender and to the imposition of a mandatory minimum sentence of six years and eight months. The plea agreement also stipulated that the State would not seek extended or consecutive terms of imprisonment.

Contrary to Tew's claim, he failed to present credible evidence that he did not knowingly, voluntarily, and intelligently enter into a plea agreement or that he was coerced by his counsel to accept a plea agreement. Tew's claim that he was not put on notice of the possibility of an extended sentence is not supported by the evidence and is irrelevant because the plea agreement stated that the State would not seek an extended sentence and the circuit court did not sentence him to one.

(2) It is unclear why Tew contends the State would not have been able to prove that the packet recovered by the police did not contain more than one-eighth of an ounce of

methamphetamine. As Tew points out in his Opening Brief, 3.54375 grams equals one-eighth of an ounce. Tew does not contest that he stipulated that 5.979 grams of a substance was found in the packet. Tew did not present any facts challenging the State's evidence that the substance found in the packet was methamphetamine. The State clearly would have been able to prove that the packet contained more than one-eighth of an ounce of methamphetamine. Tew's only argument is that a confidential informant took some methamphetamine out of the packet before the weight of the methamphetamine had been established. However, such an argument is irrelevant because even if some methamphetamine had been removed, the weight ultimately was still more than one-eighth of an ounce of methamphetamine. In any case, the circuit court found that Tew's trial counsel had discussed this issue with Tew several times and Tew understood the issue. Prior to entering his plea, Tew stated that trial counsel had discussed possible defenses to the charge with him. Tew clearly knew about the "pinching" issue before he entered into the plea agreement. Therefore, Tew waived any defense to the charge, including the issue of "pinching," when he entered into the plea agreement. Tew did not justify his failure to raise the issue in a prior proceeding and presented no extraordinary circumstances for his failure to do so. Therefore, relief pursuant to HRPP Rule 40 is not available. HRPP Rule 40(a)(3).

(3) Tew's contention that his trial counsel was ineffective for failing to inform Tew of the "pinching" issue and for not filing a motion to suppress is without merit. As noted above, Tew did not argue that the substance in the packet was not methamphetamine. Tew also stipulated that the substance weighed 5.979 grams, or more than one-eighth of an ounce. Tew's claim that his trial counsel should have filed a motion to suppress based on removal of some amount of methamphetamine from the packet before its weight had been established is without merit

4

because the amount remaining in the packet was sufficient to satisfy HRS § 712-1240.6(2), which requires the State to prove "[t]he manufacture, distribution, or dispensing of or possession with intent to manufacture, distribute, or dispense one or more preparations, compounds, mixtures, or substances of an aggregate weight of one-eighth ounce or more of methamphetamine." Tew cannot demonstrate the loss or substantial impairment of a potentially meritorious defense, and therefore, Tew's trial counsel was not ineffective.

Therefore,

The Findings of Fact, Conclusions of Law, and Order Denying Petition For Post-Conviction Relief filed on December 24, 2008 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 18, 2010.

On the briefs:

Shawn A. Luiz
for Petitioner-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge